IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CENTRAL ILLINOIS CARPENTERS )
HEALTH AND WELFARE TRUST  )
FUND, et al.  )
  )
    Plaintiffs,  )
  )
  v.  )   No. 14-3390
  )
RICE EQUIPMENT CO.,  )
  )
    Defendant.  )

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendant Rice Equipment Co.'s Motion to Set Aside Default (d/e 8). Because Defendant has shown good cause for the default, quick action to correct it, and a potentially meritorious defense to the Complaint, the Motion is GRANTED. Plaintiffs' Motion for Default Judgment Against Defendant Rice Equipment Co. (d/e 7) is DENIED.

### I. BACKGROUND

On December 17, 2014, Plaintiffs, employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), filed a Complaint against Defendant.

The Complaint alleges that Defendant is a signatory to an "Agreement Recognizing the Mid-Central Illinois District Council of Carpenters as Exclusive Bargaining Representative and Adopting All Collective Bargaining Agreement to Which That Labor Organization is a Party" (Recognition Agreement) and the Collective Bargaining Agreement Between Central Illinois Builders of A.G.C. Greater Peoria Contractors and Suppliers Association, Inc. and Mid-Central Illinois Regional Council of Carpenters (Mid-Central Master Agreement).  Compl. ¶¶ 13, 16.  The Complaint further alleges that Defendant employs individuals who are participants in the employee benefit funds administered by the Plaintiff Funds and is required to report the hours worked by its employees and make prompt payment of the contributions to the Plaintiff Funds pursuant to the Agreement, Declarations of Trust, and policies adopted by the Trustees of the Plaintiff Funds. Id. ¶¶ 19, 20.  The Mid-Central Master Agreement, Declarations of Trust, and/or the policies adopted by the Trustees also authorize the Trustees to conduct audits of contributing employers.  Id. ¶ 22.

Plaintiff Funds allege that demand has been made upon Defendant for an audit to determine Defendant's compliance with

its fringe benefit reporting and payment obligations. Id. ¶ 24. Defendant has refused to allow an audit to take place. ¶ 25. Plaintiff Funds request an interlocutory order that Defendant submit to an audit, at Defendant's cost, and an order awarding Plaintiffs all contributions determined to be due, as well as liquidated damages, prejudgment interest, attorney's fees and costs, and postjudgment interest. Compl., Prayer for Relief.

Summons was served on Defendant on January 7, 2015. See Summons (d/e 3). Therefore, an Answer was due on January 28, 2015. No answer was filed.

On January 30, 2015, Plaintiffs filed a Motion for Entry of Default (d/e 4). The Motion was granted that same day. See Order of Default (d/e 5).

On February 2, 2015, Plaintiffs filed a Motion for Default Judgment (d/e 7). Plaintiffs sought entry of a default judgment and an order directing Defendant to submit to an audit.

On February 17, 2015, Defendant filed the Motion to Set Aside Default (d/e 8) at issue herein. Thereafter, the parties filed a Status Report indicating that the parties were attempting to schedule an audit and asked the Court for 60 days within which to advise the

Court of the status of the case.  See Status Report (d/e 11).  The May 2015 Status Report indicated the audit was completed.  See Status Report (d/e 12).  The June 2015 Status Report stated that the parties conferred regarding the audits, the Motion to Set Aside, and the possibility of settlement.  However, Defendant retained new counsel and Plaintiffs requested leave to respond to the pending Motion to Set Aside (d/e 14).

On July 6, 2015, Plaintiffs filed their Memorandum in Opposition to Defendant Rice Equipment Co.'s Motion to Set Aside Default (d/e 15).

## II. ANALYSIS

Plaintiffs initially ask the Court to strike Defendant's Motion to Set Aside Default for failure to comply with Local Rule 7.1(B)(1).  Local Rule 7.1(B)(1) provides that "[e]very motion raising a question of law . . . must include a memorandum of law including a brief statement of the specific points or propositions of law and supporting authorities upon which the moving party relies, and identifying the Rule under which the Motion is filed."  CDIL-LR 7.1(B)(1).

Plaintiffs are correct that Defendant did not comply with the Local Rule because Defendant only filed a motion and did not include a "memorandum of law." However, the Motion does include a brief statement of the specific points or propositions of law on which Defendant relies (although it does not cite any case law) and identifies the Rule under which the motion is filed. Moreover, if the Court did strike the Motion, the Court would grant Defendant leave to refile, which would only delay the case further. Therefore, the Court will not strike the Motion to Set Aside Default but reminds Defendant that the Court expects the parties to comply with the Local Rules. The Court now turns to the merits of the Motion to Set Aside Default.

"[T]he Court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). A party seeking to vacate an entry of default prior to the entry of final judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." Sun v. Bd. of Trs. of the Univ. of Ill., 473 F.3d 799, 810 (7th Cir.2007); see also Fed. R. Civ. P. 55(c). This is the same test that applies to motions for relief from default judgment under Rule 60(b), but the test is more liberally construed

under Rule 55(c). Cracco v. Vitran Express, Inc., 559 F.3d 625, 631 (7th Cir. 2009)  The Seventh Circuit has articulated a "policy of favoring trial on the merits over default judgment." Cracco, 559 F.3d at 631 (citations omitted).

### A. Defendant Has Shown Good Cause for Setting Aside the Default

In support of the assertion that there is good cause for setting aside the default, Defendant submitted the Affidavit of Joshua Avigad of Kaplan Associates LLC, Defendant's former counsel.  Mr. Avigad states that on February 17, 2015, he and attorney Lawrence Kaplan received a phone call from the principal of Defendant, who advised that he had just become aware of a default judgment.  See Avigad Aff. ¶ 3.  The principal also advised that he sent a copy of the Complaint to Kaplan Associates, LLC prior to the entry of default with the understanding that Kaplan Associates, LLC would enter an appearance and file an answer.  Id. ¶ 4. However, Kaplan Associates, LLC did not receive the Complaint and had no notice of the filing until February 17, 2015.  Id. at ¶ 5.  It was Mr. Avigad's understanding that Kaplan Associates, LLC's spam filter prevented "transmission" (he may have meant "receipt") of the Complaint and

the request for Kaplan Associates, LLC to enter an appearance. Id. ¶ 6.

Plaintiffs object to this affidavit because Mr. Avigad is not competent to testify as to Defendant's intentions, anything Mr. Avigad says about Defendant's intentions is hearsay, and Mr. Avigad has not properly established that his firm's spam filter was the culprit behind the alleged failure to receive the email prior to the entry of default. Pls. Mem. at p. 6.

While Plaintiffs objections may have some merit, this Court will accept the representations of Defendant's former counsel (who was counsel for Defendant at the time the motion was filed, see d/e 10) as an officer of this Court. Defendant's excuse for not answering or otherwise pleading in a timely manner is not strong. However, Defendant did not act willfully or as a result of gross negligence. Defendant apparently attempted to obtain counsel prior to the entry of default but Kaplan Associates, LLC did not receive the transmission of the Complaint. See, e.g., Bluegrass Marine, Inc. v. Galena Road Gravel, Inc., 211 F.R.D. 356, 358 (S.D. Ill. 2002) (finding good cause where there was no evidence that the default was willful or the result of gross negligence but was the

result of a misunderstanding; the defendant did not attempt to avoid service, did not deny that it was served, and responded to the plaintiff's complaint informally through letters denying liability). Therefore, this Court finds Defendant has established good cause. See Cracco, 559 F.3d at 631 (district court did not abuse its discretion by finding good cause where the defendant "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence").

**B.    Defendant Acted Quickly in Response to the Entry of Default**

Plaintiffs do not appear to dispute that Defendant acted quickly in response to the entry of default. The entry of default was entered on January 30, 2015. On February 2, 2015, Plaintiffs filed the Motion for Default Judgment. The Motion to Set Aside Default was filed on February 17, 2015. The Motion for Default Judgment remains pending.

The Court finds that Defendant acted quickly. Moreover, Plaintiffs have not suffered any prejudice, particularly in light of the fact that Plaintiffs' Motion for Default Judgment seeks an order requiring Defendant to submit to an audit, and an audit has since

occurred.  See Hamilton v. Illinois Central R.R. Co., No. 07-0383, 2008 WL 78784, at *5 (S.D. Ill. 2008) (finding that the defendant acted quickly and caused no prejudice to the plaintiff where it filed its motion to vacate a little over six weeks after the default was entered); see also, e.g., Smith v. Widman Trucking & Excavating, Inc., 627 F.2d 792, 798 (7th Cir. 1980) (finding that motion to vacate pursuant to Rule 60(b)(1) filed within 10 weeks after entry of the order was "timely" where the plaintiff was not prejudiced).

**C.  Defendant Has Asserted a Potentially Meritorious Defense**

Defendant asserts three defenses: (1) Defendant disputes it is obligated to the District Council[1] based on the alleged agreement contained in the Complaint; (2) Defendant disputes the fringe benefit claims on the ground that the District Council Funds miscalculated the payments allegedly owed and has no right to collect the money; and (3) Defendant asserts that it is not required to make the payments claimed in the Complaint pursuant to the Standard Agreement entered into with the International Carpenter's

---

[1] Defendant refers to Plaintiffs as "District Council Funds."  See Motion ¶ 1 (d/e 8).

Union.  The Court has also reviewed Defendant's proposed Answer and Affirmative Defenses (d/e 9).

In the Answer and Affirmative Defenses, Defendant raises as an affirmative defense that the relationship between the parties is governed by the Standard Agreement, which allows the employer to submit contributions to the employee's home-area local union or district council funds.  See Aff. Def. ¶¶ 1, 3.  Defendant asserts that pension and welfare funds required under the Standard Agreement were paid to Defendant's home-area district council, the Carpenters District Council of Greater St. Louis and Vicinity.  Id. ¶¶ 2, 4, 5 (citing a provision of the Standard Agreement).  Defendant alleges that because Plaintiffs are bound by the Standard Agreement, Plaintiffs are estopped from and have waived the right to funds sought in the Complaint.

Plaintiffs object on the basis that Defendant failed to assert more than a bare legal conclusion in support of is alleged meritorious defense. Plaintiffs also point out that Defendant claims that Plaintiffs miscalculated the payments allegedly owed and Mr. Avigad asserted that the hours sought by Plaintiffs are in excess of the hours actually worked.  Plaintiffs point out, however, that no

audit had been performed when the Motion was filed so it was impossible for Mr. Avigad to know whether the Plaintiffs miscalculated anything.  Pls. Mem. at p. 10.

A "meritorious defense" is not necessarily a winning one, but it is one which is "supported by a developed legal and factual basis." Bluegrass Marine, 211 F.R.D. at 357, quoting Jones v. Phipps, 39 F.3d 158, 165 (7th Cir. 1994) (involving a Rule 60(b) motion). "General denials and conclusory statements are insufficient to establish a meritorious defense in order to vacate a default[.]"  Lego Irrigational Int'l, Inc. v. First Nat'l Bank of Northbrook, 108 F.R.D. 9, 11 (N.D. Ill. 1985).  Nonetheless, the Court finds, given the lenient standards of Rule 55(c), that Defendant has set forth a potentially meritorious defense by notifying this Court and Plaintiff of the nature of its defense and providing a factual basis for that defense in its proposed Answer and Affirmative Defenses.  See Cracco, 559 F.3d at 631 (finding the defendant made a sufficient showing of a meritorious defense where it "notified the plaintiff and the district court of the nature of [the defendant's] defense and provided the factual basis for that defense").

In sum, this Court finds that Defendant has shown good cause for the default, quick action to correct it, and a potentially meritorious defense to the Complaint.  Given the Seventh Circuit's preference for trial on the merits over default judgment, this Court finds that the most appropriate course of action is to allow this case to proceed on the merits.  See, e.g., Parker v. Scheck Mech. Corp., 772 F.3d 502, 505 (7th Cir. 2014) ("Given the 'lenient standard' for applying Rule 55(c) and the 'policy of favoring trial on the merits over default judgment' [citation omitted], the district court acted well within its discretion when it set aside the default").

### III. CONCLUSION

For the reasons stated, Defendant's Motion to Set Aside Default (d/e 8) is GRANTED and Plaintiffs' Motion for Default Judgment Against Defendant Rice Equipment Co. (d/e 7) is DENIED.  It is ORDERED that the Order of Default (d/e 5) against Defendant be set aside.  Defendant's Answer and Affirmative Defenses (d/e 9) is deemed properly filed.  This case is referred to Magistrate Judge Tom Schanzle-Haskins for further pre-trial proceedings.

ENTERED: July 15, 2015

FOR THE COURT:

s/Sue E. Myerscough  
SUE E. MYERSCOUGH  
UNITED STATES DISTRICT JUDGE